UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:19cv25311–Civ–_____/_____

ANDREW LEE,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ANDREW LEE, sues Defendant, CARNIVAL CORPORATION, and alleges:

1. This is a negligence action in which the Plaintiff alleges that the Defendant's negligence in dropping scalding hot pizza onto Plaintiff caused him to sustain serious personal injury. This case falls within the Court's diversity-of-citizenship jurisdiction.

2. The Plaintiff is a citizen of Illinois.

3. The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.

4. The amount in controversy, without interest and costs, exceeds $75,000.

5. The passenger ticket the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami, in the United States District Court for the Southern District of Florida.

6. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff, or the conditions have occurred.

7. On or about January 2, 2019, the Plaintiff was a fare-paying passenger aboard

*Carnival Triumph,* a cruise ship owned and operated by the Defendant.

      8.      At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

      9.      At that time and place, the Defendant breached its duty of care in one or more of the following ways, causing the Plaintiff to sustain serious personal injury when a scalding hot plated pizza fell onto Plaintiff's arm:

    a.    That Defendant failed to adequately train its employee(s) and/or agent(s) on how to properly serve and/or stock its plated pizza and/or food in general;

    b.    The Defendant failed to use reasonable care in the service and/or stocking of the plated pizza;

    c.    The Defendant failed to ensure that no patrons were present during the service and/or stocking of the plated pizza;

    d.    The Defendant failed to adequately inspect the area to ensure it was free and clear of patrons prior to serving and/or stocking the plated pizza;

    e.    The Defendant failed to adequately instruct its employee(s) and/or agent(s) on how to properly serve and/or stock its plated pizza and/or food in general;

    f.    The Defendant failed to implement a policy and/or procedure to ensure that plated food, in general, and pizza, specifically, would not be served and/or stocked in the presence of patrons thus increasing the possibility of the hot food falling onto patrons.

    g.    Defendant failed to warn passengers about the presence of hot plated food, in general, and hot pizza, specifically, as well as the dangers associated with same;

    h.    The Defendant failed to assign enough crew members to monitor the area and make it safe;

    i.    The Defendant knew about the dangers associated with serving hot plated food in the presence of patrons or that the Defendant should have known about this danger, or the condition occurred with regularity and was therefore foreseeable;

    j.    The Defendant failed to staff its ship with personnel who were able to give

      the Plaintiff adequate medical care, and the Defendant failed to give the Plaintiff adequate medical care; and

k.    The Defendant breached its duty in other ways to be determined during discovery.

10.    The Defendant caused the hazards described in paragraphs 9(a) through 9(k), above, or those hazards were known to the Defendant, or had existed for sufficient length of time that the Defendant should have known about them, or the hazards occurred with regularity and were thus foreseeable.

11.    As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for more than $75,000 in damages against the Defendant, and costs, and the Plaintiff demands a jury trial.

Dated this 30th day of December, 2019.

        **STEINLAW, P.A.**
        *Attorneys for Plaintiff*
        17971 Biscayne Boulevard
        Suite 216
        Aventura, FL 33160
        Tel: (786) 230-3819
        Fax: (305) 627-3302
        bstein@steinlaw.com

By: /s/ Brandon E. Stein
     **BRANDON E. STEIN, ESQ.**
     Florida Bar No.: 88302